```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
GLOBAL ART EXHIBITIONS, INC.,

                        Plaintiff,

        -against-

KUHN & BÜLOW ITALIA
VERSICHERUNGSMAKLER GMBH,
ERGO VERSICHERUNGS AG,
MANNHEIMER VERSICHERUNG AG,
BASLER SACHVERSICHERUNGS-AG,
HELVETIA SCHWEIZERISCHE
VERSICHERUNGSGESELLSCHAFT IN
LIECHTENSTEIN AG, and GOTHAER
ALLGEMEINE VERSICHERUNG AG,

                        Defendants.
--------------------------------------------------------X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:    1/10/2022
```

20-CV-1395 (KMW)

**ORDER**

KIMBA M. WOOD, United States District Judge:

WHEREAS, on October 23, 2020, Plaintiff filed its First Amended Complaint ("FAC") alleging that Defendants ERGO Versicherungs AG, Mannheimer Versicherung AG, Basler Sachversicherungs-AG, Helvetia Schweizerische Versicherungsgesellschaft in Liechtenstein AG, and Gothaer Allgemeine Versicherung AG (collectively, "Insurer Defendants") are in breach of an insurance contract covering certain works of art that Plaintiff arranged to send to an exhibition in Genoa, Italy;

WHEREAS, the FAC asserts separate claims for each of: breach of contract, negligence and gross negligence, and breach of fiduciary duty against Defendant Kuhn & Bülow Italia Versicherungsmakler GmbH ("Kuhn & Bülow"); Kuhn & Bülow to date has not appeared in this action;

WHEREAS, on November 23, 2020, Insurer Defendants moved to dismiss the FAC for lack of personal jurisdiction, *forum non conveniens*, lack of subject matter jurisdiction, and failure to state a claim;

WHEREAS, on November 16, 2021, this Court issued an Opinion and Order (the "November 16 Order") granting in part and denying in part Insurer Defendants' motion to dismiss the FAC for lack of personal jurisdiction, and holding Insurer Defendants' remaining grounds for dismissal in abeyance pending their compliance with New York Insurance Law § 1213(c);

WHEREAS, the November 16 Order directed that Insurer Defendants may comply with New York Insurance Law § 1213(c) either by posting security or bond with the Clerk of Court valued at a total of €4.5 million (to be converted to U.S. dollars at the exchange rate of 1 euro to 1.1367 dollars), or by certifying that they have each become licensed to do an insurance business in New York, by January 4, 2022;

WHEREAS, the November 16 Order further directed that either party may move by December 16, 2021, with a showing of good cause, to increase or decrease the amount of the bond;

WHEREAS, by letter motion dated December 10, 2021, Insurer Defendants represented that they anticipated posting security by remitting the necessary funds (the "Bond Payment") directly to the Treasury account maintained by the Clerk of Court (the "Treasury Account") and requested an extension of the time to post security until the later of (i) January 15, 2022; or (ii) five business days after the Court rules on Insurer Defendants' anticipated motion to decrease the amount of the bond;

WHEREAS, on December 13, 2021, Insurer Defendants moved to decrease the amount of the bond, and to specify the terms for its further disposition (the "Motion to Decrease Bond");

WHEREAS, on December 20, 2021, the Court allowed Plaintiff until January 7, 2022 to oppose Insurer Defendants' motion and extended the deadline for Insurer Defendants to come into compliance with New York Insurance Law § 1213(c) to January 14, 2022; and

WHEREAS, on January 7, 2022, Plaintiff wrote to the Court in opposition to Insurer Defendants' motion and provided a declaration in which it asserted that it has incurred approximately €975,000 in fees for attorneys and experts in the ongoing Italian litigation and a related inquiry by the U.S. Department of Justice, at the exchange rate of 1 euro to 1.1367 U.S. dollars, and provided estimates of such costs for the remainder of trial and a possible appeal in the Italian litigation that total approximately €1,000,000.

It is therefore ORDERED:

1. The Court finds that Insurer Defendants have shown good cause to decrease the amount of the bond required for them to come into compliance with New York Insurance Law § 1213(c).  Accordingly, the Court grants the Motion to Decrease Bond and reduces the required amount of the Bond Payment to $2,841,750 (the equivalent of €2,500,000 at the applicable exchange rate of 1 euro to 1.1367 dollars pursuant to the November 16 Order).

2. The Bond Payment shall remain in the Treasury Account pending this Court's further Orders.  No party may seek distribution of the Bond Payment, or any portion thereof, except as authorized herein.

3. If the Court enters a final judgment against Insurer Defendants awarding damages to Plaintiff and (i) the time to file an appeal from such final judgment has expired; or (ii)

if any appeal is filed and not dismissed, to the extent that such final judgment is upheld on appeal and is no longer subject to further review, Plaintiff may apply to the Court for an Order authorizing distribution of the Bond Payment, in whole or in part, in an amount sufficient to satisfy such final judgment, and Insurer Defendants may apply to the Court for an Order authorizing distribution to them of any remaining amount (if any) by which the Bond Payment exceeds the amount necessary to satisfy such final judgment.

4. If the Court enters a final judgment that disposes of this action without awarding any damages to Plaintiff and (i) the time to file an appeal from such final judgment has expired; or (ii) if any appeal is filed and not dismissed, if such final judgment is upheld on appeal and is no longer subject to further review, Insurer Defendants may apply to the Court for an Order authorizing distribution of the Bond Payment to them in full.

5. In the event that Plaintiff and Insurer Defendants reach agreement to settle their dispute, Plaintiff and Insurer Defendants shall jointly apply to the Court for an Order authorizing distribution of the Bond Payment, specifying the terms of the proposed distribution to which the parties have agreed.

6. Any potential judgment (by default or otherwise) against Defendant Kuhn & Bülow shall have no impact on the further disposition of the Bond Payment.

SO ORDERED.

Dated: New York, New York
January 10, 2022

          */s/ Kimba M. Wood*
          KIMBA M. WOOD
          United States District Judge