UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

GLOBAL ART EXHIBITIONS, INC.,

                    Plaintiff,

    -against-

KUHN & BÜLOW ITALIA
VERSICHERUNGSMAKLER GMBH,
ERGO VERSICHERUNGS AG,
MANNHEIMER VERSICHERUNG AG,
BASLER SACHVERSICHERUNGS-AG,
HELVETIA SCHWEIZERISCHE
VERSICHERUNGSGESELLSCHAFT IN
LIECHTENSTEIN AG, and GOTHAER
ALLGEMEINE VERSICHERUNG AG,

                    Defendants.
--------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:    3/5/2022
```

20-CV-1395 (KMW)

**ORDER**

KIMBA M. WOOD, United States District Judge:

      The defendant insurance companies ("Insurer Defendants") in this case have filed a motion to dismiss the First Amended Complaint. (ECF No. 64.) To assist in the resolution of several issues that may implicate questions of German law, the parties shall each submit to the Court supplemental affidavits regarding the following questions, by March 18, 2022. As used herein, the word "law" includes both statutory law and decisional precedent.

1. Which sources of German law govern whether contractual language is sufficient to establish a condition that must occur before performance of a contractual obligation is required? Do any other sources of German law govern the establishment of pre-conditions to an insurer's obligation to make a payment pursuant to an insurance policy?

2. If the terms of a contract do not expressly specify a date for performance, what sources of German law determine the date by which performance is required? Does German Civil Code (Bürgerliches Gesetzbuch, BGB) § 271 govern in those circumstances?

3. Under German law, which class or classes of insurance are provided by the certificates of insurance at issue in this case? Do any of sections 14, 83, 101, 106, or 125 of the Insurance Contract Act (Versicherungsvertragsgesetz, VVG) apply directly to that class or those classes of insurance? If not, does any other source of German law establish a default rule or custom of trade with respect to the inclusion of legal expenses as a part of insurance coverage and the timeline on which payments of covered legal expenses must be made?

4. Do any sources of German law give meaning to the phrase "doubt about the policyholder's or the insured party's entitlement to receive payment" used in section 15(6)(a) of the Kuhn & Bülow Terms and Conditions of Art Insurance 2016 found at ECF No. 55-1? If so, please list them and include translated quotations of relevant passages.

5. Under what circumstances, if any, have German courts interpreted:

    a. the term "natural state or properties" of an insured item or "natürliche Beschaffenheit" to refer to the authenticity or authorship of an insured item? Do any of those judicial decisions pertain to contracts that expressly and separately provide for reduced coverage in the event that covered items are determined to be inauthentic? Please cite relevant portions of judicial decisions.

    b. an exclusion of insurance coverage for losses caused by "intentional behaviour" of a policyholder or insured party to encompass a failure to disclose information to an insurer? Do any of those decisions pertain to contracts that expressly grant to the insurer a separate means of recourse in instances of inadequate disclosure? Please cite relevant portions of judicial decisions.

6. Do any sources of German law give meaning to the term "official . . . proceedings" used in section 15(6)(b) of the Kuhn & Bülow Terms and Conditions of Art Insurance 2016 found at ECF No. 55-1? If so, please list them and include quotations of relevant passages.

The affidavits shall be made by experts in the application of German law. They must cite only the most relevant law and opinions, and shall not exceed ten pages. If an assertion regarding German law is supported by a judicial decision, the affidavit must provide an English translation of the relevant passage from that judicial decision. Attachments of translated legal authorities will not count toward the page limit. If the affidavit is accompanied by a letter from counsel, such letter shall not exceed two pages in length.

SO ORDERED.

Dated: New York, New York
March 5, 2022

*/s/ Kimba M. Wood*
KIMBA M. WOOD
United States District Judge